Jose LIMA, et al., Plaintiffs,

v.

CITY OF TOLEDO, Defendant.

No. 3:96 CV 7715.

United States District Court,
N.D. Ohio,
Western Division.

July 23, 1997.

John Czarnecki, Cooper, Walinski & Cramer, Toledo, OH, Mark R. Dolan, Tampa, FL, for Plaintiffs.

Samuel J. Nugent, City of Toledo, Dept. of Law, Toledo, OH, for Defendant.

### MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on cross motions for summary judgment. For the following reasons, the Court finds that Plaintiffs' request for a permanent injunction is

moot, that Plaintiff is a prevailing party, and that Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

Plaintiffs Jose Lima and J.B. Monroe, Inc. filed this action after Defendant City of Toledo denied their application for a Special Use Permit to open an "adult entertainment center" providing sexually-oriented dancing in the city of Toledo, Ohio. On August 15, 1996, Plaintiffs applied for a Special Use Permit for the intended establishment, in accordance with Toledo Mun.Code § 1167.01(b)(22) (1988) (repealed Jan. 7, 1997), which permitted:

... Adult bookstores, adult amusement or entertainment, including but not limited to, topless, bottomless or nude dancers ... and/or similar entertainment ... subject to the following conditions:

A. The establishment of the above uses shall not be located within 500 feet of any residential district, school, church, park, playground or other use established specifically for the activities of minors....

B. *Any of the above uses shall not be located within a 1,000 foot radius of either two other such uses,* except that such restriction may be waived if it is found that:

1. The proposed use will not enlarge or encourage the development of a "skid row" area; and

2. The establishment of an additional use of the above type in an area will not be contrary to any program of neighborhood conservation, revitalization or redevelopment, either residential or nonresidential;

3. All applicable regulations of this Zoning Ordinance will be observed.

   \*     \*     \*     \*     \*     \*

(Emphasis added.)

By Memorandum Opinion and Order entered on November 22, 1996, this Court enjoined the City of Toledo from enforcing the portion of the ordinance prohibiting adult entertainment centers that are "located within a 1,000 foot radius of either two such other uses" on the ground that the ungrammatical phrase was susceptible to multiple interpretations, and that such vagueness created a risk that First Amendment freedoms could be unconstitutionally chilled. Since it was undisputed that the site chosen by Plaintiffs for their establishment satisfied the remaining provisions of § 1167.02(b)(22), the Court ordered the City to issue Plaintiffs a building permit. The City granted Plaintiff's building permit on December 18, 1996, and Plaintiffs began operating their business on January 22, 1997.

On January 7, 1997, the Toledo City Council repealed Toledo Mun.Code § 1167.02(b)(22) in its entirety. That ordinance was replaced by an amendment to Toledo Mun. Code § 1331.01(w), which amendment accomplishes essentially the same purpose as § 1167.02(b)(22), but does not contain the vague language that this Court found chilled First Amendment freedoms. The City of Toledo has stipulated that Plaintiffs' establishment is a legal, nonconforming use under the Municipal Code.

Plaintiffs have moved for summary judgment on the merits of its claim that § 1167.02(b)(22) is unconstitutional as applied to them, and for four types of relief: (1) a permanent injunction against the enforcement of § 1167.02(b)(22) against them; (2) an order requiring Defendant to issue them a special use permit for their facility; (3) a declaratory judgment that their use of the property at issue is legal as of November 22, 1996; and (4) a declaratory judgment that they are entitled to attorney fees as prevailing parties under 42 U.S.C. § 1988.

Defendant has moved for summary judgment and/or dismissal of Plaintiffs' claims on the merits, on the ground that the repeal of § 1167.02(b)(22) moots the relief Plaintiffs are requesting on their claims. Defendant has not filed opposition to Plaintiffs' request for attorney fees. Plaintiffs have not filed opposition to Defendant's motion to dismiss the substantive legal claims on the ground of mootness.

The Court finds as follows:

1. Plaintiffs' motion for a permanent injunction prohibiting Defendant from enforcing the provisions of § 1167.02(b)(22) against them and requiring Defendant to issue them a special use permit for their facility is denied as moot.

2. Plaintiffs' motion for a declaration that their adult entertainment use at 5745–5765 Telegraph Road, Toledo, Ohio, is a legal use as of November 22, 1996 is granted.

3. Plaintiffs' motion for a declaration that they are entitled to attorney fees as a prevailing party under 42 U.S.C. § 1988 is granted. Plaintiffs are anted thirty (30) days in which to submit their application for attorney fees.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiffs' motion for a permanent injunction prohibiting Defendant from enforcing the provisions of § 1167.02(b)(22) against them and requiring Defendant to issue them a special use permit for their facility is denied as moot.

FURTHER ORDERED that Plaintiffs' motion for a declaration that their adult entertainment use at 5745–5765 Telegraph Road, Toledo, Ohio, is a legal use as of November 22, 1996 is granted.

FURTHER ORDERED that Plaintiffs' motion for a declaration that they are entitled to attorney fees as a prevailing party under 42 U.S.C. § 1988 is granted. Plaintiffs are granted thirty (30) days in which to submit their application for attorney fees.

FURTHER ORDERED that Defendant's motion to dismiss subject to Plaintiffs' right to petition the Court for an award of reasonable attorney fees and costs is granted.